(No. 10951.—Judgment affirmed.)

THE COMMONWEALTH EDISON COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed February 21, 1917.*

WORKMEN'S COMPENSATION—*statute does not require that contribution by the deceased to support of relative be regular.* To authorize a recovery under the Workmen's Compensation act of 1913 in favor of a widow, child, parent, grandparent or other lineal heir to whose support the deceased has contributed within four years previous to his injury, it is not necessary that the relatives so specified be dependent upon the deceased nor that his contribution to their support have any regularity.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

GOODRICH, VINCENT & BRADLEY, (JOSEPH M. GRIFFEN, of counsel,) for plaintiff in error.

C. HELMER JOHNSON, (ARTHUR H. CHETLAIN, of counsel,) for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Victor F. Nelson, an employee of the Commonwealth Edison Company working as a lineman, while engaged in the line of his employment received a shock of electricity which caused his death on June 23, 1914. Claim was made by William C. Hartray, administrator of Nelson's estate, for compensation under the Workmen's Compensation act, and a committee of arbitration was appointed and an award made. On the petition of plaintiff in error the award made by the committee of arbitration was reviewed by the Industrial Board. Deceased's wages were $80.60 per month. He was unmarried, and left surviving him a father, stepmother, brother and married sister,—all adults. The In-

dustrial Board confirmed the award of $3500 made by the committee of arbitration.   A writ of *certiorari* was sued out of the circuit court of Cook county by the Commonwealth Edison Company to review the decision and award of the Industrial Board.   That court affirmed the decision and award and made an order that the cause was one proper to be reviewed by the Supreme Court, and the case was brought here by writ of error.

It was stipulated that Victor F. Nelson, who went under the name of Harry T. Nelson, was working as lineman for the Commonwealth Edison Company at the time of his death; that he went to work about September 12, 1912, and continued in such employment until the time of his injury; that his wages were thirty-seven and one-half cents per hour for eight hours per day, six days per week; that both employee and employer were under the Workmen's Compensation act, and that Nelson received his injury while in the performance of his work.

The only question raised is whether there were any members of his family or relatives to whose support Nelson contributed and who were entitled to have compensation assessed for their benefit.   Deceased's father was fifty-seven years old, his brother, Lawrence, twenty-six, and his married sister twenty-nine.   His mother was dead and his father had re-married.   His father was working for the Rock Island Railroad Company at twenty-three cents per hour for eight or nine hours per day, and had been for some time.   Deceased had not lived at home for some years.

It is contended the evidence did not justify the award for the reason that deceased's father and sister testified before the coroner's jury that the deceased did not contribute to their support.   On the hearing before the committee of arbitration the father testified his deceased son at different times would give him $10, sometimes $15 and sometimes $20, and that when he was sick he gave him sometimes $25

and sometimes $15. Deceased's step-mother testified deceased gave his father money,—$10 at a time,—sometimes every other month; that when his father was sick he gave him $25 the first week and $35 the third week. His sister also testified he contributed to the family's support. No question is made as to the competency of this testimony, but it is claimed it was untrue and should not be believed because it was at variance with the testimony of the same witnesses before the coroner's jury. Both the father and the sister were asked if they did not testify before the coroner's jury that deceased did not contribute to their support, and admitted they might have done so but said they were excited at the time. This court has power to review only questions of law. There was legal evidence tending to prove deceased had contributed to the support of his father within four years previous to the time of his injury, and we have said where this is so it is not within our province to pass upon its sufficiency. (*Victor Chemical Works* v. *Industrial Board*, 274 Ill. 11; *Munn* v. *Industrial Board*, 274 id. 70; *Parker-Washington Co.* v. *Industrial Board*, 274 id. 498.) The statute does not require that the surviving parent or lineal heirs shall be dependent upon the deceased, but it is sufficient if the deceased employee "leaves any widow, child, parent, grandparent or other lineal heir, to whose support he had contributed within four years previous to the time of his injury." (Laws of 1913, sec. 7, par. *b.*)

It is contended that to authorize an award to be made for the benefit of any of the classes mentioned in paragraph (*b*) of section 7 there must be some regularity in the support furnished and that the parties must be dependent thereon. The statute authorizes the award where the deceased has contributed to the support of any of the classes mentioned in said paragraph within four years previous to the injury of the employee, and we would not be justified in putting a different construction upon the lan-

guage used than that which its terms import. *Wall* v. *Pfan-schmidt,* 265 Ill. 180.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*