(No. 11348.—Judgment affirmed.)

THE AMERICAN MILLING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed June 21, 1917—Rehearing denied October 4, 1917.*

1. WORKMEN'S COMPENSATION—*record need not show that copy of decision of arbitration committee is received from the Industrial Board.* Paragraph (*b*) of section 19 of the Workmen's Compensation act does not require that the record shall show that a copy of the decision of the committee of arbitration or notification of the time it was filed was actually received by the parties, but only requires that such copy and notification be sent to each party by the Industrial Board.

2. SAME—*what question cannot be raised for the first time in the circuit court.* The question of want of jurisdiction by the Industrial Board for lack of notice of the accident or for failure to make claim for compensation within six months, as required by the Workmen's Compensation law, cannot be raised for the first time on motion for new trial in the circuit court.

3. SAME—*when question of jurisdiction is waived.* Where it is agreed on the hearing before the arbitration committee that both parties are under the Workmen's Compensation act, that the accident arose out of and in the course of the employment and that the sole question of dispute is one of dependency for support, the right to raise the question of want of jurisdiction for lack of notice of the accident or failure to make claim for compensation within six months is waived.

4. SAME—*proof that the deceased husband contributed to wife's support is unnecessary.* The duty to support his wife is imposed by law on the husband solely because of the marriage relation, and under section 7 of the Workmen's Compensation act it is only necessary to prove that a deceased husband left a widow and children surviving him, without showing the dependency of the wife or that the husband contributed to her support.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

BROWN, BROWN & BROWN, for plaintiff in error.

STONE & ISLEY, and ROSCOE HERGET, for defendants in error.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This case arises under the Workmen's Compensation act now in force, coming here upon writ of error to review the decision of the circuit court of Peoria county quashing the writ of *certiorari,* the trial judge having certified that in his opinion this was a cause proper to be reviewed by this court.

In August, 1915, plaintiff in error company was engaged in business in South Bartonville, Illinois, and employed Nick Evenoff in its business at that place. On August 3, 1915, an accident occurred which resulted in Evenoff's death. An application for adjustment of claim was filed with the State Industrial Board on May 1, 1916, and an arbitration committee was duly appointed. Thereafter, on a hearing before said committee, an award was entered in favor of the administrator of said Evenoff's estate for six dollars a week for 416 weeks, and notice of the decision of the arbitration committee was mailed by the Industrial Board to plaintiff in error June 2, 1916.

It is contended by the plaintiff in error that the record should show, but does not show, that a copy of the decision and notification of the time when it was filed were received by plaintiff in error. The statute does not so require. Paragraph (*b*) of section 19 provides, among other things, that the decision of the arbitration committee shall be filed with the Industrial Board, "which board shall immediately send to each party or his attorney a copy of such decision, together with a notification of the time when it was filed, and

279 — 36

unless a petition 'for a review is filed by either party within fifteen days after the receipt by said party of the copy of said decision and notification of time when filed, and unless such party petitioning for a review shall within twenty days after the receipt by him of the copy of said decision, file with the board either an agreed statement of the facts appearing upon the hearing before the arbitrator or committee of arbitration, or if such party shall so elect, a correct stenographic report of the proceedings at such hearings, then the decision shall become the decision of the Industrial Board."

On July 10, 1916, plaintiff in error presented to the Industrial Board a petition for review of the decision of the arbitration committee and a stenographic report of the proceedings. Said board denied leave to file said petition and stenographic report. It is argued by counsel that in the absence of anything in the record to show that plaintiff in error received notice of the arbitrators' decision it cannot be said that plaintiff in error did not present said petition and stenographic report within fifteen days after the receipt of the notice. We do not think, on this record, that plaintiff in error can urge this objection, for in its petition for *certiorari* filed in the circuit court of Peoria county it stated that it received notice of the decision on June 5, 1916. Plaintiff in error cannot be heard here, in review of that proceeding, to deny that it received such notice on that date, and as the petition for review was presented more than twenty days after it received notice of the arbitration committee's decision, the Industrial Board rightly refused to allow such petition to be filed.

Counsel for plaintiff in error further argue that the Industrial Board did not have jurisdiction of the proceedings because the record does not show that any notice was given to the employer within thirty days after the happening of the accident, nor was any claim for compensation made within six months after the accident. On the hearing be-

fore the arbitration committee it was agreed between the parties that both parties were working under the Workmen's Compensation act, that the accident arose out of and in the course of the employment, and that "the sole question of dispute being one of dependency." It is true that on the motion for new trial in the circuit court this question was raised, but so far as we can see from the record that was the first time the question was raised. This court said in *Victor Chemical Works* v. *Industrial Board,* 274 Ill. 11, on page 26: "It was its duty to raise this point before the board of arbitrators or the Industrial Board, and if plaintiff in error relied on such fact as a defense it was its duty to show it. On the hearing before the arbitrators the chairman of the board asked the attorney for plaintiff in error, at the beginning, if there was any dispute as to both the deceased and the employer being under the act, and he replied, 'No, there is no dispute as to that.'" It was held in that case that the question of the employee being under the act could not be raised on the record in that case. Substantially the same situation arises on this record. It is clear that the point of jurisdiction was not insisted on on the hearing before the arbitrators, and, so far as we can ascertain, not until the motion for new trial in the circuit court. A question of this kind should be raised before the arbitrator, or at least not later than the hearing before the Industrial Board, for when the matter is taken to the circuit court there is no chance in the circuit court for a hearing *de novo* any more than there is in this court. Therefore, on reason as well as on authority, a question of this kind should be first raised where, if possible, it can be met by evidence that there is nothing in the point, and not raised for the first time after the entire original record is made up. We think it is clear, under the authority of the case just cited as well as on reason, that on this record the plaintiff in error waived the right to raise any question of jurisdiction. See *Aurora Brewing Co.* v. *Industrial*

*Board,* 277 Ill. 142; *Allen* v. *Belcher,* 5 Gilm. 594; *Perin* v. *Parker,* 126 Ill. 201.

Plaintiff in error further contends that there can be no recovery, under section 7 of the Workmen's Compensation act, without proof that the deceased made contributions to his wife for her support and that she was dependent upon and relied upon such contributions for her support. Paragraph (*a*) ·of section 7 provides, among other things, that "if the employee leaves any widow, child or children whom he was under legal obligation to support at the time of his injury," then the claimant ·is entitled to recover, and it is not required that there should be proof of dependency. The duty to support his wife is imposed by law on the husband, and this duty does not depend upon the adequacy of the wife's means but upon the marriage relation. (13 R. C. L. 1188.) Under the rulings of this court in construing this section of the Workmen's Compensation act it is only necessary to prove, as was proved in this case, that the deceased left a widow and children surviving him. Proof of his having made contributions was not necessary. (*Commonwealth Edison Co.* v. *Industrial Board,* 277 Ill. 74; *Goelitz Co.* v. *Industrial Board,* 278 id. 164. See, also, *Northwestern Iron Co.* v. *Industrial Com.* 154 Wis. 97; L. R. A. 1916A, 366, note V.) The authorities cited by counsel from other jurisdictions construed statutes worded differently from ours, and therefore could have no bearing on this question, and such authorities need not be here reviewed or distinguished. Furthermore, it is proper to state that there was evidence tending to show that the deceased had sent contributions to his wife and children in his former home in Bulgaria.

We find no reversible error in the record, and the judgment of the circuit court will be affirmed.

*Judgment affirmed.*