(No. 11587.—Judgment affirmed.)

JOHN B. MALLERS, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.*—(THOMAS McARDLE, Admr., Defendant in Error.)

*Opinion filed December 19, 1917.*

WORKMEN'S COMPENSATION—*what constitutes contribution to the support of surviving parent under Workmen's Compensation act of 1913.* Where a father lives with his six children in his own flat, and the children, all of whom are of age except one, contribute by paying for board a sum more than all the household expenses aside from the rental value of the flat, the father may recover, under section 7 of the Workmen's Compensation act of 1913, for the accidental death of a son who was of age and contributed one-fifth of the amount paid by all the children; and the fact that the father received an income from the rent of other property does not affect the question.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

WILKERSON, CASSELS & POTTER, (RALPH F. POTTER, and KENNETH B. HAWKINS, of counsel,) for plaintiff in error.

NASH & AHERN, (MICHAEL J. AHERN, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court of Cook county, on a writ of *certiorari,* confirmed an award. of compensation made by the Industrial Board under the Workmen's Compensation act of 1913 for the death of Peter McArdle against his employer, John B. Mallers, who has sued out a writ of error, and the only question presented is whether the deceased, within four years before his death, contributed to the support of his father.

The evidence shows that the deceased, who was twenty-nine years old at the time of his death, had lived with his father all his life. His father was sixty-six years old. His mother was dead, and his father had re-married about three and a half years before the son's death. Besides the father and step-mother the family residing together consisted of six children, all of whom were of age but one. They lived in one flat of a three-flat building owned by the father. The rental value of this flat was $25 a month. The father owned two other flat-buildings, which he rented. The rent of all his buildings, aside from the flat which he occupied with his family, amounted to $225 a month. His household expenses amounted to about $120 a month. All of the children contributed to the family expenses by paying board to the father, the total amount so paid being $130 a month. From a time two months before the father's second marriage the deceased had paid $6 a week and before that had paid $8 or $9 a week, and he had paid the larger amount for a number of years previous. According to the evidence the amounts received from the children exceeded

all the household expenses of the father except the rental value of the flat he occupied but including the board of himself and his wife.

It is argued that the deceased did not contribute anything to the support of his father because the board which he received cost his father more than the $6 a week which the deceased paid. The father did say in his testimony that it cost a dollar a day to board a man and he spent over $6 a week in boarding this son, but when testifying in detail he said that his household expenses would run somewhere around $120 for the whole thing; that he paid no rent but the flat he lived in would rent for about $25 a month, so that if he paid rent his monthly expenses would run about $145; that he received $30 a week from his children and his expenses were $145 a month. Aside from this, however, it appears that for a period of about four months within the last four years of his life the son paid to his father $8 or $9 a week. The six children paid more than all the household expenses aside from the rent, and the deceased contributed one-fifth of that amount. The father was living and maintaining his family in comfort substantially on what the children were paying for their board and lodging at home, and in this way the family was kept up and supported. The fact that the father was in receipt of an income from the rent of his property cannot affect the question. We held in *Commonwealth Edison Co.* v. *Industrial Board,* 277 Ill. 74, that the statute does not require the surviving parent to be dependent upon the deceased, but it is sufficient if the deceased leaves "any widow, child, parent, grandparent or other lineal heir, to whose support he had contributed within four years previous to the time of his injury." Laws of 1913, sec. 7, par. (*b,*) p. 340.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*