(No. 11833.—Judgment affirmed.)

THE PEABODY COAL COMPANY, Plaintiff in Error, *vs.* THE
INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in
Error.

*Opinion filed December 19, 1917.*

WORKMEN'S COMPENSATION—*contributions by deceased for sup-
port under paragraph (b) of section 7 of Workmen's Compensation
act of 1913 may be voluntary.* Under paragraph (*b*) of section 7
of the Workmen's Compensation act of 1913 it is only necessary
that the deceased contribute to the support of his children within
four years previous to his death, and voluntary contributions are
sufficient if they are for things necessary to the support of the chil-
dren even though they were living with their husbands, who might
have supplied such things.

WRIT OF ERROR to the Circuit Court of Sangamon
county; the Hon. E. S. SMITH, Judge, presiding.

E. H. HICKS, and H. W. CHILD, for plaintiff in error.

ANDRUS & TRUTTER, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

March 21, 1916, August Loibner, employed by the Pea-
body Coal Company in its mine at Sherman, received an
injury arising out of and in course of his employment and
died on that day from the injury. Both were operating
under the Workmen's Compensation act, and Augusta Lip-
pan and Anna Neposchlan, daughters of August Loibner
and executrices of his will, claimed compensation under that
act. The arbitrator decided in their favor and awarded
to them $5.87 per week for 415 weeks and $3.95 for one
week. On a review by the Industrial Board the award was
confirmed and an order made in accordance with it. The
Peabody Coal Company sued out of the circuit court of
Sangamon county a writ of *certiorari,* to which the Indus-
trial Board made a return. The court quashed the writ and

certified that the cause was one proper to be reviewed by this court.

The sole question in dispute is whether August Loibner left surviving him any child to whose support he had contributed within four years prior to his death, under the following facts: During that period Augusta Lippan and Anna Neposchlan were married daughters of August Loibner, each having six children and living with their husbands, who were coal miners earning more than the deceased. The wife of August Loibner died eight years before his death, and after her death he lived with Augusta Lippan as a boarder, no account being kept of the amount paid for board. He also paid for groceries for the family and for clothes and shoes for the children, his payments including board, amounting to eight or nine dollars every two weeks, up to the time of his death. He also during the last four years of his life bought a bed for Anna Neposchlan, and sugar, flour and lard for her family and shoes and stockings for her children.

The position of counsel for plaintiff in error is, that because the applicants at the time they received contributions to their support were married women living with and supported by their husbands, and therefore not dependent in any degree upon August Loibner for their support, they were not within the letter, spirit or purpose of the Workmen's Compensation act; that the contributions made were contributions to the support of the husbands of the applicants in discharge of their duties, and that the purchases of the deceased were more in the nature of gifts than contributions to the support of the applicants. These questions must be determined from the provisions of the act of 1913. (Laws of 1913, p. 337.) Paragraph (*a*) of section 7 provided for compensation in case the employee left any children whom he was under legal obligation to support, and paragraph (*b*) provided for compensation in cases where no amount was payable under paragraph (*a*) but the em-

ployee left children to whose support he had contributed within four years previous to the time of his injury. Under that act it was not necessary that the children should be dependent upon the deceased but only that the deceased had contributed to the support of the children within four years previous to his death. (*Commonwealth Edison Co. v. Industrial Board,* 277 Ill. 74.) That act did not conform to the usual provisions of compensation acts in other jurisdictions, and it was amended in 1917 so as to make dependency a condition of compensation. (Laws of 1917, p. 490.) Inasmuch as the act of 1913 did not require dependency as a condition of compensation, cases decided under statutes requiring dependency, and which are relied upon by plaintiff in error, do not apply. If contributions to the support of the applicants were actually made within four years previous to the death of August Loibner, the fact that the beneficiaries were not in such circumstances as to need the support of the deceased is immaterial. Contributions were made of things necessary to the support of the applicants, whether the husbands could have supplied them or not. The contributions were at least equal to those made by the employees in *Victor Chemical Works* v. *Industrial Board,* 274 Ill. 11, and *Commonwealth Edison Co.* v. *Industrial Board, supra.* While the contributions indirectly aided the husbands, they were direct contributions of a substantial nature to the applicants, and under the act of 1913 they were entitled to recover compensation. Every contribution to the support of another where there is no legal obligation is a gift in the sense that it is voluntary, and the act of 1913 provided for compensation where such voluntary contributions were made.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*