(No. 12285.—Judgment affirmed.)

PAUL J. MEYER *et al.* Plaintiffs in Error, *vs.* THE INDUS- TRIAL COMMISSION *et al.*—(EUGENE POZNANSKI, De- fendant in Error.)

*Opinion filed February 20, 1919.*

1. WORKMEN'S COMPENSATION—*when the question as to lack of notice of review of award cannot be raised in Supreme Court.* In a proceeding for further compensation because of a recurrence of the disability, an employer who appears before the Industrial Board without raising any objection that no written notice of the claim was given him, as required by section 24 of the Workmen's Com- pensation act, and joins in the taking of evidence at a hearing begun within six months after the former payments ceased, can not raise the question as to lack of notice for the first time in the Supreme Court, there being nothing in the record to show that notice was not given.

2. SAME—*when employer cannot raise question as to whether employee suffers from continuance and not recurrence of disability.* Where a petition for a review of an award is apparently drawn under paragraph (*h*) of section 19 of the Workmen's Compensa- tion act, an employer who fails to raise any question before the Industrial Board as to whether the employee is suffering from a continuance of the disability instead of a recurrence cannot raise that question for the first time in the courts.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

J. C. M. CLOW, for plaintiffs in error.

A. H. RANES, and CORINNE L. RICE, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a proceeding under the Workmen's Compensation act asking for an award on behalf of defendant in error, Eugene Poznanski, for an injury received while an employee of plaintiffs in error. On a hearing before the arbitrator an award was entered on behalf of Poznanski for "temporary total disability" for forty-eight weeks at $12 a week, beginning November 22, 1915, when the accident occurred. Half of this had been paid to the applicant before the award was rendered. The last payment was to be, and apparently was, made under this award on October 30, 1916. No petition for review was filed as to this award by either party. It was agreed at this hearing that the parties were operating under the Compensation act at the date of the accident and that the injury arose out of and in the course of the employment. A petition for review because of recurring disability was filed by the applicant with the Industrial Commission on November 11, 1916. On June 12, 1917, that commission rendered its decision, in which it allowed applicant $12 per week for a further period of twenty-six weeks, commencing at the termination of the payments allowed by the arbitrator. Thereafter the plaintiffs in error sued out of the circuit court of Cook county a writ of *certiorari* to review the award of the Industrial Commission. The circuit court affirmed said award and entered judgment in favor of the applicant, the court at the same time certifying that the case was one proper to be reviewed by this court. The cause has been brought here by writ of error.

The only questions in dispute here are, whether it is shown that a written notice was given of the continuing

disability, whether such notice is necessary under the circumstances as shown in this record, or whether the same was waived.

The petition for review for recurring disability was filed with the Industrial Commission about two weeks after the lapse of the period fixed for paying compensation under the original award,—that is, on November 11, 1916. The time fixed for the hearing on review and taking testimony, March 23, 1917, was less than six months subsequent to the discontinuance of payments under the original award. Counsel for plaintiffs in error then asked for, or at least acquiesced in, a continuance to a time over six months after such last payment without raising any question as to the jurisdiction of the Industrial Commission under the petition for rehearing.

The petition for review was apparently drawn and filed under the provisions of paragraph (h) of section 19 of the Workmen's Compensation act, and the award of the Industrial Board on this petition for review was apparently made under the provisions of section 24 of said act. Said paragraph (h) of section 19, so far as it applies here, reads: "An agreement or award under this act, providing for compensation in installments, may at any time within eighteen months after such agreement or award be reviewed by the Industrial Board at the request of either the employer or the employee, on the ground that the disability of the employee has subsequently recurred, increased, diminished or ended: * * * Provided, that the board shall give fifteen days' notice to the parties of the hearing for review." (Hurd's Stat. 1917, p. 1462.) No proceedings for a continuance of payments after the date of the final payment under the original award shall be maintained unless in accordance with the provisions of section 24 of said act, which reads in part: "No proceedings for compensation under this act shall be maintained, * * * in the event that payments have been made under the provisions of this

act, unless written claim for compensation has been made within six months after such payments have ceased." It is argued that this award was unauthorized because the petition was filed under section 19 and the award was allowed under section 24 without the written notice required under the provisions of section 24. There was no question raised before the Industrial Board as to any variance, nor is there any assignment of error on this question. The record of the board shows that due notice was given of the hearing before that board on March 23, 1917. As there is nothing in the record to show that such notice was not given and as no question was raised by plaintiffs in error as to this notice on the hearing before the Industrial Board, under the reasoning of this court in *Smith-Lohr Coal Co.* v. *Industrial Board,* 279 Ill. 88, the question as to lack of notice cannot be here raised. The hearing at which counsel for plaintiffs in error appeared and joined in the taking of evidence, on March 23, 1917, was within six months after the final payment under the original award and therefore within the six months' time limit provided for under section 24, and plaintiffs in error having submitted to the jurisdiction of the Industrial Commission and not having raised that question before said commission cannot raise it here. *American Milling Co.* v. *Industrial Board,* 279 Ill. 560; *Victor Chemical Works* v. *Industrial Board,* 274 id. 11.

The same reasoning and conclusion must also be reached with reference to the rights of plaintiffs in error in connection with the argument that the applicant is suffering from a continuance of the original disability and not a recurrence. No question of that kind was raised before the Industrial Commission, and under the authorities just cited it cannot be raised for the first time in the courts.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*