(No. 13890.—Judgment affirmed.)

THE JAMES O'DONNELL TEAMING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(RICHARD FEHRENKAMP, Defendant in Error.)

*Opinion filed February 22, 1922.*

1. WORKMEN'S COMPENSATION—*when finding of the Industrial Commission is conclusive.* The finding of the Industrial Commission is conclusive as to the facts found by it if supported by some competent evidence, and it is not the province of a court of review to pass on the weight of the evidence.

2. SAME—*the Compensation act, as amended in 1915, allows but thirty days' extension of time for filing stenographic report.* Under paragraph (*b*) of section 19 of the Compensation act, as amended in 1915, the Industrial Commission cannot grant more than thirty days' extension of the time for filing the stenographic report of the proceedings before the arbitrator. (*People* v. *Andrus,* 299 Ill. 50, followed; *Sulzberger & Sons Co.* v. *Industrial Com.* 285 id. 223, explained.)

3. SAME—*when objection to jurisdiction of Industrial Commission is waived.* An objection to the jurisdiction of the Industrial Commission because of the failure to file the stenographic report within the time required by statute must be held to have been waived if raised for the first time in the circuit court or in the Supreme Court.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

JOHN CLARK BAKER, for plaintiff in error.

RAY & PEASE, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Richard Fehrenkamp was injured October 22, 1918, by a motor truck on the streets of Chicago. It is agreed that at the time of the injury he was an employee of plaintiff in error, that both were working under and subject to the provisions of the Workmen's Compensation act, that due notice was given of the injury and demand for compensation duly made, and that an allowance was made in his favor for certain compensation by the arbitrator and later by the Industrial Commission.

There is no contention that there was not some evidence of some disability from the accident, but it is contended there was not sufficient evidence as to total disability arising out of the accident. The record does not contain the testimony of anyone who saw defendant in error struck, but directly after the occurrence he was seen doubled over the front fender of the truck, on his stomach, with one foot dragging along the pavement. He was carried unconscious into a near by freight house and later removed to a hospital. He testified that he was knocked unconscious and did not at first realize he was hit; that he was hurt in the side and the spine; that his right leg was hurt below the knee and the leg swelled up; that his shoulder and head and his whole body hurt him; that after remaining at the hospital three weeks he went home and was able to sit up and to walk with the aid of crutches; that following his injury his right leg and right arm were partially paralyzed and he could not lift anything. He also stated that his hip bothered him, and that at the time of the hearing he could not use his right leg.

Several doctors, as well as some of his neighbors, testified concerning their observation of the claimant as to his condition since the accident. There was considerable medical testimony, some of it to the effect that the claimant was cured of the injuries resulting from the accident

within a few weeks thereafter and that later conditions were brought about by simulation of continuing pain and injury, while other doctors testified that the paralysis was real. Some of the doctors testified that the paralysis was functional, induced from mental attitude and lack of use of the members. One of the doctors testified that his test was severe and in a normal individual must produce signs of sensation whereas there was none on the part of the claimant, but that notwithstanding this apparent absence of sensation he regarded the paralysis as functional. There was ample evidence by doctors and others that the claimant appeared to be affected in the various ways heretofore mentioned and that there was restricted use of the right arm and right leg, some testifying the leg was cold and lacking in sensation; that he appeared to suffer pain and at times was unconscious of his surroundings.

This court has frequently stated that the finding of the Industrial Commission is conclusive as to the facts found by it if supported by evidence. (*Wasson Coal Co.* v. *Industrial Com.* 296 Ill. 217; *Halsted Co.* v. *Industrial Com.* 287 id. 509; *Heed* v. *Industrial Com.* 287 id. 505; *Sulzberger & Sons Co.* v. *Industrial Com.* 285 id. 223; *Pekin Cooperage Co.* v. *Industrial Com.* 285 id. 31.) It is not the court's province to pass on the weight of the evidence under these authorities. We think there was evidence to justify the Industrial Commission's finding that the condition of the applicant was due to the accident, and we can not disturb that finding.

It appears from the record in this case that the stenographic transcript of the evidence heard before the arbitrator was filed with the Industrial Commission more than fifty days after the petition for review was filed. The petition for review by the Industrial Commission was filed June 10, 1919. In that month, and every month thereafter until December, 1920, a motion was made, sometimes by counsel for one party to the litigation and sometimes by

counsel for the other, and allowed in each case every thirty days, for an extension of time to file the stenographic transcript. The decision of this court in *People* v. *Andrus,* 299 Ill. 50, was, that under section 19 of the Workmen's Compensation act now in force the stenographic transcript of the proceedings before the arbitrator was required to be filed within twenty days after the decision, and that to relieve any hardship that may come from such limitation a proviso allows a single extension of thirty days.

Counsel for plaintiff in error concedes this state of facts but insists that the portion of the decision in the *Andrus case, supra,* relating to the point here under discussion was not necessary to the decision of the case and was therefore dictum and not controlling; that said decision is contrary to the holding on this point in *Sulzberger & Sons Co.* v. *Industrial Com. supra,* where the question, it is argued, was squarely decided, holding that more than one extension under the statute was authorized by the Industrial Commission. It is true, as suggested by counsel for plaintiff in error, that this court in the *Sulzberger case* apparently did hold as counsel contends, but a careful examination of that opinion will show that while the court was ostensibly construing paragraph (*b*) of section 19 of the Workmen's Compensation act then in force, (Laws of 1915, p. 408,) it could not properly have construed the amendment to the act as shown in the laws of 1915 but was construing the act in force prior to that time,—that is, section 19 of the Compensation act as shown in the laws of 1913, page 347. In the *Sulzberger case* it is stated (p. 225): "Plaintiff in error also contends that defendant in error's record, upon appeal from the decision of the committee of arbitration to the Industrial Board, was not filed within the time required by the statute. The petition for review was filed December 4, 1914, and the record was filed with the Industrial Board March 22, 1915, several extensions of time in which to file the record having been granted in the meantime and

each one being granted before the prior extension had expired." This statement in the opinion, which is in accord with the record in that case, shows the extensions of time before the Industrial Board were made not later than March, 1915; that these extensions were made before the amendment to the Compensation act shown in the laws of 1915; and hence the decision of this court in the *Sulzberger case* cannot be considered as decisive, or even persuasive, in construing the amendment to the Compensation act in the laws of 1915. Whether the holding of this court in the *Andrus case* in construing the provisions of the Compensation act with reference to the filing of the stenographic transcript should be considered as dictum or not, we think the provisions of the statute as to the extension of time were properly construed in that case. We hold that the statute in force when these proceedings were being heard before the Industrial Commission permitted only a single extension of thirty days for filing the stenographic transcript of the proceedings.

The record shows here, without controversy, that the question as to the time for filing the stenographic transcript was first raised on petition for rehearing in this case and that no question of that kind was raised in the circuit court or before the Industrial Commission. It has more than once been held by this court that the question of want of jurisdiction by the Industrial Commission or the circuit court cannot be raised for the first time on a motion for new trial in the circuit court or on briefs in this court. (*American Milling Co.* v. *Industrial Board,* 279 Ill. 560; *Chicago Packing Co.* v. *Industrial Board,* 282 id. 497.) The question of jurisdiction because of failure to file the stenographic report within the time required by statute must be held to have been waived and cannot now be first raised here.

The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*