(No. 12250.—Judgment affirmed.)

THE METAL STAMPINGS CORPORATION, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(RALPH A. GREEN, Admr., Defendant in Error.) .

*Opinion filed December 18, 1918.*

1. WORKMEN'S COMPENSATION—*when award to parents is conclusive.* Under the Compensation act of 1915, if a deceased employee leaves parents to whom, within four years previous to his injury, he has contributed for their support the parents are entitled to an award; and if there is any competent evidence to support a finding by the Industrial Board that such condition existed the award must be upheld by the courts, as the sufficiency of such evidence cannot be considered by them.

2. SAME—*paragraph (b) of section 7 of Compensation act of 1915 construed.* Under paragraph (b) of section 7 of the Compensation act of 1915, if a minor child, within four years previous to his injury, has contributed to the support of his parents it is not necessary, in order to entitle the parents to an award, that the amount so contributed shall exceed the cost or expense of such child to the parents.

WRIT OF ERROR to the Circuit Court of LaSalle county; the Hon. JOE A. DAVIS, Judge, presiding.

MACCHESNEY, BECKER, ANGERSTEIN & ROLLO, for plaintiff in error.

ROBERT E. LARKIN, for defendant in error.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

On December 13, 1915, Patrick Mascel and Nellie Mascel filed an application with the Industrial Board for an adjustment of their claim for compensation for the death of their deceased son, John Mascel, who died as a result of an injury received by him August 18, 1915, while working for the Metal Stampings Corporation, plaintiff in er-

ror.   Ralph A. Green, administrator of the estate of John Mascel, was later substituted as applicant.   A hearing on the application was had before the arbitrator and an award was made in favor of applicant.   On review the Industrial Board affirmed the award of the arbitrator.   A writ of *certiorari* was sued out of the circuit court of LaSalle county, and that court, upon stipulation of the parties, fixed the amount of compensation at $4.62 per week for a period of 416 weeks as the correct amount, provided compensation was allowable.   The court then entered an order confirming the award as corrected and certified that the cause is one, in its opinion, proper to be reviewed by this court.   This writ of error followed.

The only question presented and argued in this case is whether or not the deceased had, within four years previous to the time of his injury, contributed to the support of his parents, so as to entitle them to compensation under the provisions of section 7 of the Workmen's Compensation act in force in 1915.   If there is competent evidence in the record which, standing alone, fairly tends to prove that the deceased had contributed to the support of his parents, as aforesaid, within four years previous to his injury, neither the circuit court nor this court may question its sufficiency, as the question of the sufficiency of the evidence is not for the courts.   *Victor Chemical Works* v. *Industrial Board,* 274 Ill. 11.

On the day of his injury John Mascel, who was then in his eighteenth year, was working in plaintiff in error's factory with a power-driven drill-press used for boring holes in the backs of brushes.   The drill made about three thousand revolutions a minute and when in operation would become highly heated.   A thumb of the deceased was caught under the drill and a hole was drilled entirely through the nail, bone and flesh thereof.   A night or two following the injury the deceased became sick and his temperature rose to 102 degrees.   He was then taken to a hospital, where he

285 — 34

died about ten days afterwards. According to the testimony of the physician his death was due to infection from the injury. The deceased worked at the plaintiff in error's factory the last four days in June, 1915, and from thence up to the date of the injury, during which time he had earned $101.92. Of that amount $75.89 was paid to him and plaintiff in error held out and applied $20 to its claim against his father for money advanced or loaned to the father, and the balance of $6.03 due the deceased was also applied by plaintiff in error to settle a balance due from the father on said advancement to him. During the previous year 1914 the deceased had earned at plaintiff in error's factory $262.94, all of which was by him paid to his mother, Nellie Mascel, and was used in the support of the family, according to the undisputed evidence in the record. He also earned in 1913 at plaintiff in error's factory the sum of $32.35, which was also paid to his mother and used for the support of the family. The evidence further shows that the $75.89 paid to the deceased in 1915 by plaintiff in error was all by him turned over to his mother and was likewise by her used for the support of the family, and that a part of his earnings for 1912 was by him paid to her and by her used in the same manner, but the amount of his earnings in that year and the amount paid to his mother do not appear in the record. The total amount of earnings of the deceased paid to his mother and father and used in support of the family for the years 1913, 1914 and 1915 was $397.21, or an average of $132.40 a year. It is also shown by the record that the deceased's father, Patrick Mascel, was a wage earner, only receiving for his wages $65 per month, and that during the greater portion of the time that the deceased was earning money for the family in 1915 in plaintiff in error's factory the father was idle and not earning wages, and that during that time the deceased's wages kept up the family, which consisted of the parents and six boys besides the deceased, ranging from

four months to eighteen years of age, the deceased being the eldest. Under this showing the entire family of nine persons required for their support less than $900 a year, counting all the wages earned by the father and the deceased, or less than $9 per person a month. For the last three years the deceased contributed to this support more than $11 per month and was away from the family at school during the early part of 1915, where lodging and board, clothing and expense money, as well as tuition, were furnished to him without cost to himself or any other member of his family.

The deceased on January 1, 1915, had commenced college in preparation for the priesthood and was to study each year until he completed his course, his work and earnings being limited to his vacation periods. Plaintiff in error insists that a fair consideration of the evidence is that the deceased during vacation did some work for which he earned some wages, which were turned over to the parents with the understanding that they were to pay the expenses of his education with that money. This claim is based upon an apparent contradiction in the testimony of Patrick Mascel given at the hearing before the Industrial Board and that given by him before the coroner's inquest. A careful consideration of his testimony at these different hearings convinces us that even his testimony supports the finding of the Industrial Board, and that when he is properly understood his testimony is not conflicting except in a few statements which are unimportant, and the conflicts therein are shown by him to have been caused either by his testimony being misquoted or given by him as the result of a pure mistake on his part. The other evidence in the record amply supports the finding of the board, which is therefore conclusive.

Paragraph (b) of section 7 of the Workmen's Compensation act aforesaid provides as follows: "If no amount is payable under paragraph (a) of this section and the em-

ployee leaves any widow, child, parent, grandparent or other lineal heir, to whose support he had contributed within four years previous to the time of his injury, a sum equal to four times the average annual earnings of the employee, but not less in any event than $1650 and not more in any event than $3500." Under this paragraph it is not necessary that contributions by a child in support of its parents should be in excess of the child's own cost and expense before the parents would be entitled to recover compensation for his death, as contended by plaintiff in error. It was the duty of the parents to support the deceased until he reached the age of majority, and within the meaning of the statute the child contributes to the support of its parents when it contributes a substantial sum to the support of the family, although that sum is less than the actual cost and expense of its support and maintenance if the child is a minor or is in a condition to demand legal support from its parents. It is not necessary that the parents be dependent upon such deceased child or that his contribution to their support have any regularity. (*Commonwealth Edison Co.* v. *Industrial Board,* 277 Ill. 74.) If it were necessary in this case for the proof to show that the parents were dependent upon the deceased for support or that they were partially dependent upon him for support,—*i. e.,* that his contribution to their support was greater than the cost and expense to the parents for his support,—that showing is clearly made in this record for the three years preceding his death.

As the evidence in the record is ample to sustain the finding and award of the Industrial Board the judgment of the circuit court is affirmed.    *Judgment affirmed.*