(No. 13252.—Judgment modified and affirmed.)

THE HENRY PRATT COMPANY, Plaintiff in Error, vs. THE INDUSTRIAL COMMISSION et al.—(HENRY OLSON et al. Defendants in Error.)

*Opinion filed June 16, 1920.*

1. WORKMEN'S COMPENSATION—*a claimant need not have been wholly dependent upon the deceased.* To justify an award on the ground of dependency it is not necessary to show that the claimant would have been without the necessities of life nor that he was without other means of support, and partial dependency may exist even though the evidence shows the claimant could have subsisted without the contributions of the deceased employee.

2. SAME—*what is test for determining dependency.* The question of dependency is largely one of fact, and the test is whether the contributions of the deceased were relied on by the dependent for his means of living as determined by his position in life, or whether the dependent was to a substantial degree supported by the employee at the time of the employee's death.

3. SAME—*when a father cannot be considered a dependent.* A father cannot be considered to have been dependent on his son for support where the evidence shows that the son contributed a weekly sum to his mother for board and room and that the father was steadily employed at $18 a week, of which sum he gave $10 towards the household expenses, even though the evidence also shows that the son had made payments on the home and paid various bills.

4. SAME—*when Industrial Commission must determine beneficiary.* Where there is no voluntary payment on the part of the employer in case of the accidental death of an employee and the Industrial Commission must determine the compensation, it is the further duty of the commission to determine the person or persons entitled to the compensation.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

FRANK M. COX, and ALBERT N. POWELL, for plaintiff in error.

EDWARD J. KELLEY, for defendants in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted by leave of court to review the judgment of the circuit court of Cook county confirming an award of the Industrial Commission awarding compensation to Henry Olson and Ellen Olson, parents of Hugo Olson, an employee of plaintiff in error, who died from an accidental injury arising out of and in the course of his employment. Compensation was fixed at $1650, payable in installments, in accordance with the provisions of paragraph (*c*) of section 7 of the Compensation act. The only question presented is whether the applicants, or either of them, were dependent upon the earnings of deceased within the meaning of the Compensation act as amended and in force May 31, 1917.

From the testimony of the applicants, the only witnesses before the arbitrator, it appears that the family of Henry Olson consisted of himself, his wife and seven children. He was fifty-four years old, his wife was fifty-nine years old and deceased was twenty-nine years old at the time of his death. The two oldest daughters were married, and while they lived much of the time with their parents, they were supported by their husbands. The other four children,—Emma, twenty-five, Teckla, twenty-four, Lydia, twenty-two, and Walter, nineteen,—were single and lived with their parents. The home cost $2500 and was paid for in installments of $20 a month. The last installment was paid a year or more before the death of Hugo. He contributed toward the payments on the home, furnished materials for painting, papering and repairing the home, and did the work at odd times. He paid part of the taxes and the coal bills, and paid to his mother $7 a week for board and room. He furnished her spending money and gave her funds with which to buy clothes. It does not appear from the record whether any of the other children paid board or other-

wise contributed toward the support of the home. The father was steadily employed at $18 a week. Of this amount he gave his wife $10, which, with the contributions from the children, constituted the fund from which Mrs. Olson paid all of the household expenses.

Partial dependency may exist even though the evidence shows the claimant could have subsisted without the contributions of the deceased employee. It is not necessary to show that the claimant would have been without the necessities of life, nor is it necessary to show that the dependent was without other means of support. (*Appeal of Hotel Bond Co.* 89 Conn. 143, 93 Atl. 245; *Havey* v. *Erie Railroad Co.* (N. J.) 95 Atl. 124; *Kenney* v. *City of Boston*, 222 Mass. 401, 111 N. E. 47.) The test is whether the contributions were relied on by the dependent for his or her means of living, judging this by the position in life of the dependent, or whether the dependent is to a substantial degree supported by the employee at the time of the employee's death. The problem presented by this test is largely one of fact. (*Miller* v. *Riverside Storage and Cartage Co.* (Mich.) 155 N. W. 462; *Rock Island Bridge and Iron Works* v. *Industrial Com.* 287 Ill. 648; *Keller* v. *Industrial Com.* 291 id. 314.) In addition to the $8 retained by him from his weekly wages Henry Olson claimed his son contributed largely to his support. It does not appear what use he made of this money, but, regardless of the use made of it, we cannot see how it can be said that this father, who was regularly employed and whose legal duty it was to support his family, was dependent upon his son for support. On the other hand, Ellen Olson had no income and was necessarily dependent on someone for support. While her husband was under a legal duty to support her, the question whether she actually received all or a part of her support from her son and looked to him for such support is a question of fact, which upon this record is concluded by the finding of the commission that she was

partially dependent upon him. Where there is no voluntary payment on the part of the employer and the Industrial Commission must determine the compensation, it is the further duty of the commission to determine the person or persons entitled to the compensation. (*Keller* v. *Industrial Com. supra; Smith-Lohr Coal Mining Co.* v. *Industrial Com.* 286 Ill. 34.) This the commission has failed to do, but the record justifies a finding that Ellen Olson was the only person entitled to compensation.

The judgment is modified by awarding compensation to Ellen Olson, only, and as modified is affirmed.

*Judgment modified and affirmed.*