(No. 13558.—Judgment affirmed.)

THE RICHARDSON SAND COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WILLIAM NATZKE *et al.* Defendants in Error.)

*Opinion filed February 15, 1921.*

1. WORKMEN'S COMPENSATION—*what is the test of dependency.* The test of dependency under the Compensation act is whether the contributions of the deceased were relied on by the dependent for his or her means of living according to the dependent's position in life or whether the dependent was to a substantial degree supported by the deceased, and it is not necessary to show that the dependent would have been without the necessaries of life in the absence of such contributions.

2. SAME—*dependency is a question of fact.* Dependency, and the extent thereof, are questions of fact, and the courts will not interfere with the finding of the Industrial Commission on those questions if there is evidence to sustain the finding.

3. SAME—*when child contributes to support of parents.* A child contributes to the support of its parents, within the meaning of the Compensation act, when it contributes a substantial sum to the support of the family although that sum is less than the actual cost and expense of its support and maintenance, if the child is a minor or is in a condition to demand legal support from its parents.

4. SAME—*what evidence warrants finding that son contributed to support of parents.* A finding by the Industrial Commission that a minor son contributed to the support of his parents is warranted by evidence that the parents were truck farmers, and that when crops were poor the son's contributions from his own earnings, in addition to the amount he paid his parents for board and room, assisted in their support.

WRIT OF ERROR to the Circuit Court of Kane county; the Hon. ADAM C. CLIFFE, Judge, presiding.

E. L. LYON, and J. C. M. CLOW, for plaintiff in error.

CHARLES B. HAZLEHURST, and ERNEST C. LUTHER, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

William Natzke, Jr., between nineteen and twenty years of age, was killed in an accident arising out of and in the course of his employment by plaintiff in error. Compensation was awarded by the Industrial Commission and that award was confirmed by the circuit court. The case has been brought here by writ of error for review.

William Natzke, Sr., the father of deceased, had re-sided for ten years previous to the accident on a fifteen-acre truck farm four miles south of Elgin, Illinois. The family consisted of the father and mother, a son who was in the regular army, where he had been about eighteen years, and William, Jr., who was killed by the accident. The father at the time of the hearing was sixty years of age and the mother fifty-six. The farm was improved with a house and barn and the usual small out-buildings. The land was used for a truck garden, raising strawberries, raspberries, vegetables, grain, hay and corn. The applicants kept one horse, two cows and chickens. Produce sufficient for the family's use was raised, and the dairy, poultry and garden produce not used by the family were sold. The sole question argued in the briefs is whether or not, under the statute, the parents of the deceased were dependent upon him at the time of his death, on the facts shown on this record.

The deceased son quit attending school when about fourteen years old and began helping with the work at home and on near by farms. Several months before his death he

was employed in a grocery at Elgin but lived at home and assisted with the chores and work around the house, and he did the same during the five months that he worked for plaintiff in error before his death.   He arose about 5:00 o'clock in the morning and did chores until he went to town, about 6:45.   This had been his practice for two years.   He did the milking and fed the stock.   He paid $4 a week for his room and board and also gave his mother other money,—about $22 every two weeks,—and she bought his clothes and other things, the son only keeping spending money.   When he worked at the grocery store he brought home flour and groceries amounting to $7 or $8 a month, which also came from his own income.

The father testified on the hearing that his farm stock and implements were worth about $5000 or $6000; that the buildings were in good shape and well taken care of; that he owned a note of $8000, which paid him five per cent interest, and $100 in Liberty bonds; that after receiving the family living from the place he sold $800 or $1000 worth of produce, ordinarily making over all expenses $100 a year, but that during the last year he had raised only about $200 worth of produce and did not make living expenses; that the money the son gave them was used for the support of the three members of the family.   The father also stated that he himself had not been well during the last year or two and was under a doctor's care; that the estimated value of room and board of anyone, without doing any work on the farm, would be $6 a week, and that the boy's services on the farm were reasonably worth $30 a month and board.

An investigator for the insurance company in this case testified that the father stated to him after the accident that they never needed any contributions from the boy and that the $4 a week which he paid just covered his living expenses.   The father denied this statement was

296—22

made and the mother's testimony did not agree with that of the investigator.

Partial dependency may exist even though the testimony shows that the claimant could have subsisted without the contributions of the deceased. It is not necessary to show that the claimant would have been without the necessaries of life in the absence of such contributions, nor is it necessary to show that the dependent was without other means of support. The test is whether the contributions were relied on by the dependent for his or her means of living, judging this by the position in life of the dependent, or whether the dependent was to a substantial degree supported by the deceased at the time of the death. These are questions largely of fact. (*Pratt Co.* v. *Industrial Com.* 293 Ill. 367, and cases cited.) Dependency and the extent thereof are questions of fact, and the courts will not interfere with the finding of the commission on those questions if there is evidence to sustain its finding. (*Rock Island Iron Works* v. *Industrial Com.* 287 Ill. 648.) Within the meaning of our statute a child contributes to the support of its parents when it contributes a substantial sum to the support of the family, although that sum is less than the actual cost and expense of its support and maintenance, if the child is a minor or is in a condition to demand legal support from its parents. (*Metal Stampings Corp.* v. *Industrial Com.* 285 Ill. 528.) Where there was evidence that the father of the deceased owned buildings which brought him in income, that all the children lived with the father and contributed to the family expenses, that the deceased had paid board but had not lived with the father until recently, it was held that the fact that the father had an income from the rental of his property would not affect the question whether the parents were dependent. (*Mallers* v. *Industrial Board,* 281 Ill. 418; see, also, to the same effect, *Fennimore* v. *Pittsburg-Scammon Coal Co.* 100 Kan. 372; Harper on Workmen's Comp.—2d ed.—sec. 137.) In law

a dependent is one who is sustained by another or relies upon another for support or for reasonable necessaries consistent with the dependent's position in life. (*Rock Island Iron Works* v. *Industrial Com. supra;* see, also, 1 Honnold on Workmen's Comp. sec. 70.) The test of dependency is not whether the family could support life without the contributions of the deceased, but whether they depended upon such contributions as a part of their income or means of living. (Bradbury on Workmen's Comp.—3d ed.—743.)

While there may be some apparent conflict in the evidence, taking into consideration the investigator's statement as to what the father of the deceased stated to him, yet reading the evidence of the father and mother in connection with the affidavit they made for the investigator we do not think there is any substantial conflict in their testimony on the vital question whether they were dependent upon the deceased. The conclusion may readily be drawn from the father's testimony that when the farm produced well the son's contributions were not needed for their support, but when they had poor crops the situation was different and their income was insufficient to pay their living expenses, and what the son gave his mother in addition to the amount for room and board tended to assist in their support. The Industrial Commission had a right to consider all this testimony in reaching the conclusion as to the question of dependency. Under the authorities already cited, this court is not justified, on this award, in interfering with the finding of the Industrial Commission on that question.

The judgment of the circuit court will therefore be affirmed.                                        *Judgment affirmed.*