WESLEY v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 3839.   Decided September 8, 1922.   (209 Pac. 337.)

MASTER AND SERVANT—DIVORCED WIFE OF DECEASED EMPLOYEE HELD NOT "DEPENDENT" WITHIN COMPENSATION ACT.   Where the applicant for compensation who alleged that she was widow of deceased employee had secured a divorce decree on the grounds of failure to support, which decree under Comp. Laws 1917, § 3002, had become final prior to his death, and the alimony awarded was paid in full, she was not entitled to compensation as a "dependent" within Workmen's Compensation Act (Laws 1919, c. 63, § 3140, subd. 5).

Proceeding by Amanda Wesley against the Martin Coal Company and the Accident Fire & Life Assurance Company, before the Industrial Commission of Utah, to recover for the death of Frank O. Wesley. Decree denying compensation. Application by plaintiff to the Supreme Court for writ of review.

DECISION OF INDUSTRIAL COMMISSION AFFIRMED.

*C. E. Norton,* of Salt Lake City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendants.

FRICK, J.

The plaintiff, hereinafter called applicant, pursuant to the provisions of our industrial act, commonly known as the Workmen's Compensation Act (Comp. Laws 1917, §§ 3061-3165), made application to the Industrial Commission of Utah, hereinafter styled Commission, for compensation upon the grounds hereinafter stated. In her application she alleged that she was the "widow" of one Frank O. Wesley, who was employed by the defendant Martin Coal Company, and that, as such employé, on the 13th day of August, 1921, in the course of his employment, was injured, from the effects of which injury he, on the 20th day of that month, died. There was a hearing before the Commission upon the application at which considerable evidence was produced, to which reference will be made hereinafter in connection with the propositions to which the evidence relates.

The Commission, after finding the jurisdictional facts, in substance found that said Wesley was injured in the course of his employment; that he died from the effects of such injury; that his daily earnings amounted to $3.65, working seven days in each week; that prior to the death of said Wesley the applicant had obtained a decree of divorce from him; that at the time of his death she "was not living with or

dependent upon him in any way for her maintenance and support." The Commission also found that said Wesley left no dependents. Upon substantially the foregoing facts the Commission entered its conclusion of law that the applicant was not entitled to any compensation. The Commission, however, required the employer of said Wesley to reimburse the applicant in the sum of $150 "as reasonable funeral expenses."

The applicant, in due time, made application to said Commission for a rehearing, which was denied. She then made application to this court for a writ of review, which was granted, and the matter has been duly argued and submitted to this court upon the record certified to this court by the Commission in response to the writ aforesaid.

Counsel for applicant urges that the Commission exceeded its powers or jurisdiction in its conclusion and decision. He also insists that some of the findings are not complete, and that others are not supported by the evidence. We shall not specifically refer to those matters, but shall discuss them in the course of the opinion.

At the hearing before the Commission a record of the proceedings had in the action commenced in the district court of Salt Lake county, wherein the applicant was plaintiff and said deceased was defendant,, was introduced in evidence, from which it was made to appear that both parties to said action more than one year prior to the commencement of the action had been, and then were, bona fide residents of Salt Lake county; that they intermarried in said county on the 25th day of February, 1915, and ever since said date, and at the time of the trial of said action, were husband and wife, and that there was no issue of said marriage; that for one year "last past the defendant has failed, neglected, and refused to provide the plaintiff with the common necessaries of life, although during said time the said defendant has been in the employ of a coal company and has been earning about $20 per week; that the plaintiff has a beneficial interest in the benefit certificate named in the amended complaint of the value of $1,000, and that the plaintiff is entitled to a reason-

able sum as alimony, and that the sum of $1,000 is a reasonable sum to be allowed to plaintiff as permanent alimony.
* * *'' The court also made the following conclusions of law, namely That the plaintiff is entitled to a decree "dissolving the bonds of matrimony heretofore existing between plaintiff and defendant"; that plaintiff is entitled to permanent alimony in the sum of $1,000, to be paid by the defendant as follows: $50 to be paid forthwith, and the balance in weekly payments at the rate of $5 per week—that the "plaintiff is entitled to a lien upon the benefit certificate" aforesaid "to secure the payment of said sum of $1,000," etc.

The district court entered a decree in such action, in which, among other things, it is decreed that the bonds of matrimony existing between said parties be, and the same are, dissolved, and that "they are hereby freed and released from all the obligations thereof." The court, after decreeing that plaintiff have a lien upon said certificate of $1,000 for the payment of said alimony, and after enjoining the defendant from changing the beneficiary in said certificate, further decreed that, in the event of the death of defendant before said alimony is fully paid, "any sum which may be paid to plaintiff upon said certificate in excess of the balance then remaining unpaid upon said sum of $1,000 shall be applied, as far as necessary, to the payment of the expense of the funeral and last illness of the defendant, and of any debts he may owe." The decree concludes as follows:

"It is specifically provided that this decree of divorce shall not become absolute until the expiration of six months from the date of its entry, and upon the expiration of six months from the date of the entry hereof, unless proceedings for a review are pending, or the court, before the expiration of said period, for sufficient cause, upon its own motion, or upon the motion of any party, whether interested or not, otherwise orders, this decree shall become final and absolute.

"Done in open court this 2d day of June, A. D. 1920.

The applicant, at the hearing before the Commission, testified that she had received from the defendant as part payment of the alimony awarded to her in said decree, prior to his death, the sum of $230; that the sum of $1,000, the

amount specified in said benefit certificate, had been paid to
her in full; and that she had paid the funeral expenses of
the deceased, amounting to the sum of $228. She also claimed
that she had paid some additional claims, but the amount so
paid, if any, is not made clear. It also was made to appear
that the employer of said deceased had paid all of the doc-
tor's fees, the cost of medicines, and the hospital expenses
incurred by reason of the injury and death of the deceased.
The Commission also ordered that the employer reimburse
the plaintiff in the sum of $150 as funeral expenses.

The evidence therefore discloses these facts: (1) That an
interlocutory decree of divorce was entered in the divorce
proceedings in favor of the applicant more than 14 months
prior to the death of the deceased, upon the ground that the
deceased had failed and neglected to support her; (2) that
said decree, by virtue of our statute (Comp. Laws Utah 1917,
§ 3002), and by its own terms, had become absolute more than
eight months prior to the injury and death of the deceased;
(3) that the applicant was awarded the sum of $1,000 as
permanent alimony, and was given a lien upon the $1,000
benefit certificate hereinbefore mentioned; (4) that before the
injury and death of the deceased he paid the applicant the
sum of $230 to be applied upon the alimony aforesaid; (5)
that, in addition to said $230, the applicant, after the death
of the deceased, had received the sum of $1,000 as payment
of said benefit certificate, as provided in the decree of divorce,
and in addition to that was allowed $150 as funeral expenses.
She has thus received, including the said $150, the sum of
$1,380, or $380 in excess of the amount allowed her as per-
manent alimony. Upon the other hand, according to her
statements, she paid $228 as funeral expenses, which left a
balance in her favor of $152. True, she says she paid other
small amounts, the aggregate of which is not made clear. In
any view, however, so far as the evidence discloses, the
amounts thus paid did not exceed, if they equaled, said bal-
ance of $152. According to her own statements, she received
either directly from the deceased himself, prior to his death,
or from the proceeds of the benefit certificate after his death,

the full amount awarded to her by the district court in the decree of divorce as permanent alimony. Moreover, the bonds of matrimony existing between her and the deceased had been severed upon her own complaint that he had failed and neglected to provide for her the common necessaries of life; in other words, that he had failed to comply with his marital obligation to support her. All this occurred more than a year prior to the injury and death of the deceased. Then, again, in view of her complaint that the deceased had failed in his obligation as aforesaid, the district court required him to pay the applicant the sum of $1,000, all of which she testified was paid, some before and some subsequent to the death of the deceased. The foregoing undisputed facts therefore conclusively establish that the deceased did not support the applicant during their marriage relation; that by reason of that fact she asked that that relation be terminated, which was done, and she was awarded permanent alimony which has been paid to her in full. In view of the undisputed evidence, therefore, how could the Commission do otherwise than to find that the relation of husband and wife between the applicant and the deceased was severed long before the injury and death, and that the relation had been severed upon the sole ground that he had not provided the common necessaries of life for her and hence that at his death she was not, and, in the nature of things, could not have been, dependent upon him for support within the purview of our Workmen's Compensation Act?

A conclusive answer to the applicant's contention that she paid out additional sums of money is that it is quite immaterial whether she paid out further sums of money or not. After she had received the full amount of $1,000 as provided in the decree of divorce the obligation imposed upon the deceased by the decree was fully discharged, and his estate was released from all further liability. Again, after the applicant had been paid the $1,000, the money was hers and she could do with it as she pleased. The mere fact that she may have voluntarily devoted some in payment of claims, if she did

so, in no way casts liability upon the employer of her former husband to provide for her.

With respect to who are dependents, our statute (chapter 63, Laws Utah, 1919, § 3140, subd. 5) provides:

"The following persons shall be presumed to be wholly dependent for support upon a deceased employé:

"(a)  A wife upon a husband with whom she lives at the time of his death.

"(b)  A female child or female children under the age of eighteen and a male child or male children under the age of sixteen years (or over such ages if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the death of such parent.

"In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employé, but no person shall be considered as dependent unless a member of the family of the deceased employé, or bears to him the relation of husband or widow, lineal descendant, ancestor, or brother or sister. The word 'child' as used in this title, shall include a posthumous child, and a child legally adopted prior to the injury."

In view that the marriage relation between the applicant and the deceased had been severed, she was not the wife of the deceased at the time of the injury, and hence could not legally be his widow after his death. Indeed, at the time of the injury and death of the deceased the applicant was not related to him in any way, and the only claim she had against his estate was that she was entitled to the unpaid balance of the permanent alimony which had been awarded to her in the decree of divorce, and, according to her own statement, that has been fully paid. In view, therefore, of the foregoing facts, the question of applicant's dependency upon the deceased was one of fact which had to be determined by the Commission in accordance with the evidence. The law is clearly and tersely stated in 1 Schneider, Work. Comp. § 370, in the following words:

"Dependency, its extent, and persons entitled to compensation, are questions of fact for the Industrial Commission to determine in all cases other than the cases of those persons conclusively presumed to be dependent, and unless the Commission has applied an

illegal standard, or found a fact without evidence to support it, the court cannot review its finding."

True, whether there is any competent evidence to support a particular finding is always a question of law. But where, as here, the evidence is undisputed the finding is in accordance with the evidence, this court cannot review the finding of the Commission.

In view of the foregoing, therefore, the finding of the Commission that the applicant was not dependent upon the deceased within the purview of our statute at the time of his injury and death must be affirmed. Moreover, the conclusion of the Commission that, in view that the applicant and the deceased had been divorced, and that they had ceased to cohabit and live together as husband and wife long before the said injury and death, she was not entitled to compensation as a dependent, is clearly sustained by the authorities. See *London Guar., etc., Co.* v. *Industrial Com.,* 181 Cal. 460, 184 Pac. 864; 8 L. R. A. 1113.

It would be a most extraordinary incongruity to hold that, although a wife had made complaint in a court of competent jurisdiction that her husband had utterly failed to comply with his marital obligation to provide her with the necessaries of life, and for that reason she asked that the bonds of matrimony be severed, which was done, and the parties were released from the marital obligations and their property rights fully adjudged, notwithstanding such uncontrovertible facts a long time after the marriage relation had been severed upon the express ground that she had received no support, she may nevertheless be awarded compensation as a dependent of one who it had been judicially determined had failed and neglected to provide for her or to support her. Under such circumstances the law does not impose the duty upon the employer to support the former divorced wife of an injured employé. Had she remained his wife, and, although they might not have continued to live together, a different question might be presented. It seems to us, however, that, under the undisputed facts, no other conclusion was permissible than the one arrived at by the Commission. The findings and decision of the Commission are therefore affirmed,

CORFMAN, C. J., and GIDEON, WEBER, and THUR-
MAN, JJ., concur.