(No. 17396.—Judgment reversed.)
THE LEDERER COMPANY, Plaintiff in Error, vs. THE IN-
DUSTRIAL COMMISSION et al.—(VIOLA MARTIN, De-
fendant in Error.)

*Opinion filed June 16, 1926.*

WORKMEN'S COMPENSATION—*when evidence does not sustain an
award for dependency.* To sustain an award on the ground of
dependency on the earnings of an employee whose injury resulted
in death, the evidence must show that the petitioner was to a sub-
stantial degree supported by the employee at the time of his death
and that his contributions were relied upon as a means of living in
accordance with the petitioner's position in life; and where there
is no showing that the deceased employee ever paid to the peti-
tioner, who was his sister and with whom he lived, any sums of
money other than for board and lodging, the petitioner being sup-
ported by her husband, the evidence does not justify an award on
the ground of dependency.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. HARRY M. FISHER, Judge, presiding.

MOLONEY & POSTELNEK, (PETER POSTELNEK, of coun-
sel,) for plaintiff in error.

JACOB S. COOK, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

On October 9, 1924, Louis McBride, while in the em-
ployment of the Lederer Company, sustained accidental in-
juries arising out of and in the course of his employment,
which resulted in his death on the same day. On Novem-
ber 17, 1924, Viola Martin, sister of the deceased, filed with
the Industrial Commission an application for compensation
on account of the death of McBride, under paragraph (d)
of section 7 of the Workmen's Compensation act. A hear-
ing was had before an arbitrator, who found that the de-

ceased left him surviving Viola Martin, his sister, and her six children under sixteen years of age, and that all of them were collateral heirs, depending upon his earnings for their support, and awarded her $9 per week for 191 weeks and $4.76 for one week. Upon review by the Industrial Commission the award of the arbitrator was set aside and the commission made a finding that the deceased left him surviving no person or persons entitled to compensation under the provisions of paragraphs (*a*), (*b*), (*c*) or (*d*) of section 7 of the Workmen's Compensation act. Upon review by the circuit court the decision of the Industrial Commission was vacated and set aside and the court awarded Viola Martin the sum of $9 per week for a period of 183⅓ weeks and found that the deceased left him surviving Viola Martin, his sister, and six of her children under the age of sixteen years, all of whom were collateral heirs dependent upon his earnings for their support. The case has been brought to this court by writ of error.

The petitioner, Viola Martin, was the only witness who testified upon the question of her dependency, and from her testimony it appears that she is a married woman, forty-two years of age, living with her husband and ten children in an eight-room flat in Chicago; that her husband is employed as a fireman in a steel mill; that he earns $22 or $23 a week, out of which he had been giving her during the two years prior to her brother's death $20 each week for the support of the family; that her sons Albert, twenty-two years of age, and Raymond, eighteen years of age, are unmarried and living at home; that Albert earned $30 a week during the two years prior to McBride's death and contributed $14 a week to the support of the family; that during the same period Raymond had been earning $20 a week and contributed $10 per week; that another son, sixteen years of age, is unemployed and lives at home; that deceased was a brother of petitioner; that he was fifty-one years at the time of his death and had never married; that

for over twenty years he had been making his home with petitioner and eating three meals a day at her home; that prior to his death he was employed as a porter in a department store, and during the two years prior to his death he earned an average weekly wage of $18; that her husband was forty-four years of age and in possession of all his faculties, and that all the money which she received she spent for the support of herself and family. At the hearing before the arbitrator petitioner testified that the deceased paid her $15 per week during the two years prior to his death and $10 during the week prior to his death. On cross-examination she admitted testifying at the coroner's inquest, held on the day following McBride's death, that he had been rooming with her for the last sixteen or seventeen years, and during that time he was not contributing to anybody's support, but that he boarded with her and just paid her his board. She also admitted having an interview with a representative of the insurance company which insured the Lederer Company, about October 31, 1924, at which time she told him that she could not say how much McBride gave her for his board and that she was supported by her husband. With reference to this interview the question was asked her, "Did you say, other than the board and room money Mr. McBride didn't contribute to the support of anyone?" to which she answered, "I guess I did." The evidence does not disclose how much McBride's board and lodging were reasonably worth, or that he ever paid to the petitioner any sums of money other than for board and lodging.

In cases of this character, to sustain an award the evidence must show that the contributions were relied upon by the petitioner for her means of living, judging this by her position in life, and that she was to a substantial degree supported by the employee at the time of his death. (*Pratt Co.* v. *Industrial Com.* 293 Ill. 367; *Keller* v. *Industrial Com.* 291 id. 314; *Peabody Coal Co.* v. *Industrial*

*Com.* 311 id. 338.) The evidence in this case fails to show that the petitioner was supported by the employee, at the time of his death, to a substantial degree.

The judgment of the circuit court is reversed and the finding of the Industrial Commission affirmed.

*Judgment reversed.*