(No. 3791—)

DELLA THOMAS, PHILIP THOMAS, SR., AND DOROTHY GRANT, NEE THOMAS, PARENTS AND SISTER OF ROBERT R. THOMAS, Deceased, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1945.*

*Rehearing denied May 8, 1945.*

WILMER L. VOGHT, for claimants.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

On the 13th day of May, 1942, Robert R. Thomas was an employee of the respondent in the Department of Public Safety, Division of State Police, as a State Highway Patrolman. While riding upon and operating a motorcycle owned by the respondent during the course of his employment, along and upon the concrete highway west of Collinsville, Illinois, on U. S. 40 Belt Line, he was accidentally thrown from said motorcycle receiving injuries which resulted in his death two days later.

At the time of the accident which resulted in his death, he was twenty-six years of age and received a salary from the respondent of $175.00 per month. He was unmarried and resided in Belleville, St. Clair County with his mother, Della Thomas, his father, Philip Thomas, Sr., and his sister, Dorothy Grant.

Each of the above named are the claimants in this case for partial dependency as provided in Section 7 of the Workmen's Compensation Act.

This record consists of the complaint above referred to, departmental report of the Division of State Police, original transcript of testimony and abstract of same, claimants' statement, brief and argument, and statement, brief and argument on behalf of respondent.

The evidence discloses that the deceased was first employed by the Division of State Police on June 9, 1941, as a driver's license examiner at a salary of $150.00 per

month. He was appointed as a police officer by the respondent on September 20, 1941, at a salary of $175.00 per month. The evidence further discloses that on the date of the fatal accident that the Division of State Police had immediate knowledge of the accident and of the resulting death; that claim for compensation was made within six months of the injury and that the complaint was filed within the statutory limitations, as provided by Section 24 of the Workmen's Compensation Act. The question to be decided here is whether deceased's mother, father and sister were partially dependent upon him for support as contemplated by the Compensation Act of this State.

At the hearing no one testified in support of this claim except the interested parties. The testimony shows that Dorothy Grant is the sister of the deceased and lived with her parents and her brother during most of her lifetime. She was seventeen years of age and unmarried. But subsequently on September 18, 1942, she married and she and her husband lived with her parents for several months, making no contributions to the family income.

Philip Thomas, Sr., the deceased's father, was employed by the Illinois Terminal Railroad in St. Clair County and had been since 1917, earning $150.00 per month. Della Thomas, the mother of deceased, was unemployed, but operated the home for her above named husband, daughter and the deceased.

The evidence further discloses that the deceased had always lived at home and had no regular employment prior to his appointment as a driver's license examiner. Some time subsequent to his employment, the deceased purchased an automobile on time payments and from his salary made payments of $32.00 per month on it.

The evidence further discloses that the salary earned by the father amounted to approximately $1,800.00 per year, before any social security taxes or other deductions were made. That all of this amount was contributed by the father for the family upkeep and that it was his custom to hand over his paycheck to his wife. The evidence further discloses that the deceased did likewise, which made up the family funds. This family fund was administered entirely by the mother, Della Thomas, and was doled out to the claimants in accordance with their needs.

The evidence further discloses that neither the father, mother nor sister, nor deceased brother had a savings account at the time of the death of claimants' intestate.

In cases of this character, to sustain an award, the evidence must show that the contributions were relied upon by the petitioners for their means of living, judging this by their position in life, and that they were to a substantial degree supported by the employee at the time of his death. *Lederer Co.* vs. *Ind. Com.*, 321 Ill. 563; *Pratt Co.* vs. *Ind. Com.*, 293 Ill. 367; *Keller* vs. *Ind. Com.*, 291 Ill. 314; *Peabody Coal Company* vs. *Ind. Com.*, 311 Ill. 338.

After a careful consideration of the evidence offered in support of this claim, we conclude that Della Thomas merely acted as the banker for her son Robert. This is shown by the testimony of his sister, Dorothy. She testified as follows: "My brother Robert Thomas, turned over to Mother, his monthly salary during the time he worked for the State of Illinois before the accident. My father turned over his money to Mother. I seen it done. Mother pays the family bills, groceries, electric and gas, telephone and so forth. My brother Robert had no agree-

ment with Mother as what should be done with his monthly salary. When I went to the show or other places of amusement I got money from my mother. Robert did the same as I. If he wanted any money he asked my mother for it, because he turned his money over to her.''

Here we find the father, one of the claimants, had a net income of approximately $1,800.00 per year and between him and the other claimants there existed a legal obligation to support under the Statute. There was no legal obligation for support on the part of the deceased son. While it may be true that part of his earnings were spent through the family budget, yet he was not required under the law to contribute any more to the family expenses except his room and board. This he would have had to do had he lived elsewhere. Partial dependency cannot be proven from the mere fact that the decedent lived with the family and contributed to his own upkeep. There is no showing that the deceased employee has paid to the petitioners, who were his father, mother and sister, with whom he lived, any sums of money other than for board and lodging, but the evidence does show that the petitioners were supported by Philip Thomas, Sr., the father of deceased.

The evidence does not justify an award on the ground of dependency, as provided in paragraphs a, b, c or d of Section 7 of the Workmen's Compensation Act.

No amount being payable under the above paragraphs, the sum of Four Hundred ($400.00) Dollars is hereby awarded to be paid into the special fund, of which the State Treasurer is ex officio custodian, as provided in Section 7, paragraph e of the Act.

This award is subject to the approval of the Governor of the State of Illinois.